IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DAY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 20 C 5772 |
| NILES TOWNSHIP HIGH SCHOOL DISTRICT 219 BOARD OF EDUCATION, | ) ) ) ) ) |
| Defendant. | ) ) |

**CORRECTED**
**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Michael Day filed a *pro se* lawsuit in state court against his former employer, the Board of Education of Niles School District 219. The Board removed the case to federal court based on Day's assertion of claims under federal law. It then moved to dismiss Day's complaint under Rule 12(b)(6) for failure to state a claim. The Court grants the Board's motion in part and denies it in part as stated below.

**Background**

Day alleges that he worked for the Board as a substitute teacher. He contends that due to his race, he was given fewer substitute teaching assignments than other similar-situated teachers. He alleges that he filed a complaint with the Illinois Department of Human Rights in May 2017 and that the IDHR issued a right to sue letter in January 2018. Day asserts that after filing the first charge, he was retaliated against in various ways. In September 2018, he filed a second IDHR charge, alleging retaliation

for filing the first charge. He says that the IDHR issued a right to sue letter on December 30, 2019.

Day alleges that in March 2020, he attempted to file suit in state circuit court via the Internet, but the state court's website would not take credit card payments for the filing fee. He says that he then attempted to file his lawsuit in person at the Daley Center courthouse but was told that the courthouse was closed due to the coronavirus pandemic. He attempted to communicate with the clerk's office by phone, repeatedly, without success and made several additional visits to the courthouse but was told each time that it was closed. On June 14, Day alleges, a security guard at the courthouse told him that the courthouse would be open on July 6. He returned that day and filed his lawsuit.

Day's complaint includes three counts. In count 1, he alleges that the Board violated the Illinois Human Rights Act by discriminating against him based on race and retaliating against him for filing the first IDHR complaint. In count 2, he alleges that the Board violated his right to equal protection under the U.S. Constitution's Fourteenth Amendment. In count 3, he alleges that the Board violated Title VII of the Civil Rights Act of 1964 by discriminating against him due to his race and retaliating against him for filing his original discrimination charge.

In its motion to dismiss, the Board makes certain factual assertions that are not included in Day's complaint. It says that the IDHR dismissed Day's May 2017 discrimination charge in May 2018. After that, the Board alleges, Day sought review of the dismissal by the Illinois Human Rights Commission, which sustained the dismissal in July 2019, after which the U.S. Equal Employment Opportunity Commission adopted

the IDHR's findings and issued a notice of right to sue in January 2020. The Board also says that with regard to Day's second charge—the one alleging retaliation—the IDHR dismissed the charge in December 2019, and the EEOC adopted this finding and issued a notice of right to sue in October 2020.

In its motion to dismiss, the Board contends that count 1 should be dismissed to the extent it alleges discrimination because, having pursued the option of seeking IHRC review of the IDHR's dismissal of his charge, Day was barred by state statute from asserting a claim under the Illinois Human Rights Act in state circuit court. The Board also contends that count 1 is time-barred in its entirety—as to both the discrimination and retaliation claims under the IHRA—because Day did not file his state court suit within 90 days of receipt of the IDHR's notice of dismissal. The Board contends that the discrimination claim contained in count 3, Day's Title VII claim, is time-barred for the same reasons as count 1. As to count 2, the Board contends that Day has failed to allege that the claimed violation of his constitutional rights was caused by a policy or custom of the Board, the only defendant named in the case.

## Discussion

1. As to count 1, the Board's first argument for dismissal of the IHRA discrimination claim is premised on material outside the complaint and not referenced in the complaint, which is inappropriate on a Rule 12(b)(6) motion. Specifically, the purported appeal by Day of the IDHR's dismissal of his discrimination charge is not referenced in his complaint in this case; it is brought to the Court's attention only by way of materials that the Board attached to its notice of removal. In its motion, the Board does not even acknowledge that it is relying on material outside the complaint, let alone

try to argue that an exception should apply that allows the Court to rely on such material. For these reasons, the Court rejects this argument as a basis for dismissal under Rule 12(b)(6) of the IHRA discrimination claim.

That said, if it ultimately turns out to be true that Day pursued an appeal to the IHRC, then his filing of suit in state court was, in fact, barred by statute, specifically 775 ILCS 5/7A-102(D)(3), which says that if a complainant "chooses to file a request for review with the Commission" of an IDHR dismissal order, "he or she may not later commence a civil action in a circuit court," which is what Day did. *See, e.g., Aberman v. Bd. of Ed. of City of Chi.*, No. 12 C 10181, 2013 WL 5290048, at *2-4 (N.D. Ill. Sept. 13, 2013).

The Board's contention that all of Day's claims in count 1 are time-barred lacks merit. The statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1). A a plaintiff is not required to anticipate and "plead around" potential affirmative defenses in his complaint, so Day's failure to do so in this case does not subject his complaint to dismissal. *See, e.g., Doe v. GTE Corp.*, 347 F.3d 655, 757 (7th Cir. 2003). It is only when the complaint itself establishes the affirmative defense (including the absence of an escape route for the plaintiff) that dismissal under Rule 12(b)(6) based on an affirmative defense is proper. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). That is not the case here. Indeed, Day has asserted a viable basis for a claim of equitable tolling, specifically that he attempted to file suit by the apparent deadline and was turned away from the courthouse due to pandemic-related closures and was unable to file the complaint online through no fault of his own.

For these reasons, the Court declines to dismiss count 1 of Day's complaint.

    2.    The Court overrules the Board's contention that the discrimination claim in count 3 is time-barred for the same reasons just discussed.

    3.    Last is count 2, Day's claim for violation of his constitutional equal protection rights, asserted under 42 U.S.C. § 1983. A claim under section 1983 typically must name as defendants the particular state government officials or employees who are alleged to have committed the constitutional wrongdoing. When, as in this case, a plaintiff instead sues a governmental entity like the Board, he can succeed only upon showing that a policy or custom of the Board caused his constitutional injury. *See Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). The complaint in its current form does not plausibly allege any such policy or custom. Rather, Day alleges a series of discrete wrongs committed by particular individuals, none of whom he has named as defendants. In his response to the motion to dismiss, Day says that if he alleges "that the district gave orders to persons to act against him then [he] has alleged that the district have [sic] a policy." Resp. to Mot. to Dismiss at 3. That is incorrect; there is no such thing as *respondeat superior* liability under section 1983. *See, e.g., Perkins v. Milwaukee County*, 781 F. App'x 538, 542 (7th Cir. 2019). In any event, if Day contends that some individual employee or official of the Board gave orders to retaliate or discriminate against him, then under section 1983 he would have to sue *that person*.

For these reasons, the Court dismisses count 2. The Court also wishes to advise Day that the statute of limitations for section 1983 claims is two years, which typically runs from the date of the wrongdoing. It is not clear at this point whether Day would be able to assert timely claims under section 1983 against any individual defendants he

5

may now wish to name.

## Conclusion

In sum, the Court dismisses count 2 but denies defendant's motion to dismiss [10] as to counts 1 and 3 and directs defendants to answer those claims by January 13, 2021. The case is set for a status hearing on January 27, 2021 at 9:05 a.m. The status hearing will be conducted by telephone using call-in number 888-684-8852, conference code 746-1053. Plaintiff and counsel for defendants must participate in the hearing. Participants should wait for their case to be called before announcing themselves.

Date: December 23, 2020

_____
MATTHEW F. KENNELLY
United States District Judge